## JOSEPH WELCH v. SUNY RICE.

The constitutional provision, that the owner of a homestead, if a married man, shall not be permitted to alienate it, without the consent of the wife, in the way pointed out by the legislature, is designed for the protection of the wife, *inasmuch as by her consent*, in the manner pointed out by the legislature, the homestead can be conveyed as well as any other property. (Paschal's Dig., Art. VII, sec. 22, Note 198, p. 65; Art. 1003, Note 427.)

The wife's general disclaimers in conversation of any interest in the homestead, her agreement to voluntarily separate from her husband, going away, and allowing him to remain upon the homestead until he sold it and abandoned the county, (she never having signed a deed and made her separate acknowledgment, as the law directs,) did not preclude her right to recover against one who knew all the circumstances. (Young v. Van Benthuysen, 30 Tex., 732.)

The husband and wife cannot by their own or united will dissolve their marital relations; the wife cannot sell the homestead to the husband; for while the homestead is his, it remains hers; and if the husband sell without the wife joining, in the manner pointed out by the statute, his sale is void. (Paschal's Dig., Art. 1003, Note 427.)

APPEAL from Robertson. The case was tried before Hon. N. H. DAVIS, one of the district judges.

The plaintiff, a married woman, sued for the homestead, which the defendant had purchased from the husband over three years before the commencement of the suit. The wife had not joined in the conveyance. But the defendant relied upon the fact that the parties had agreed upon a separation, each taking some property; and that, after the separation become public and notorious, the husband sold the homestead to the defendant, and then abandoned the county and had never returned. The wife acquired no new homestead, but after the separation lived about among

her friends. So that the defense amounted to a plea of separation between husband and wife in consequence of domestic disagreements, a sale by the husband after the separation, and the tacit acquiescence of the wife in the sale; for there was no proof of any direct agency by the wife. The wife was forced to leave her husband.

The charge of the judge in effect disregarded the defense, and instructed the jury to find for the plaintiff to the extent of two hundred acres, it being a country homestead. The jury so found, and there was a corresponding judgment, from which the defendant appealed.

*Stewart & Barziza*, for appellant.

*Thomas P. Aycock*, for appellee.

MORRILL, C. J.—The principal facts in this case are, that the appellee, Mrs. Rice, and her husband resided upon the land in controversy previous to 1863, which was the homestead of the family; that the parties did not live together in harmony, and that they agreed to separate and live apart and divide the property, and carried the agreement into execution, the husband retaining the homestead, which he sold to plaintiff in error; that Mrs. Rice had no settled home after the separation, or any homestead; that she disclaimed any ownership of the place when her husband sold it; that a few years ago the husband left the state, and it is not known that he is living. Mrs. Rice brought suit for the land and recovered it in the district court, and the only question is whether the facts authorized the recovery.

The constitutional provision that the owner of a homestead, if a married man, shall not be permitted to alienate it without the consent of the wife, in the way pointed out by the legislature, is designed for the protection of the wife, inasmuch as by her consent, in the manner pointed out by the legislature, the homestead can be conveyed as

XXXI—44

well as any other property. But the wife cannot invoke this constitutional provision for any other purpose than for what it was intended to subserve; at least she cannot use it as a means to defraud others.

Though the constitution and laws point out the method of the conveyance of a homestead, and though the statute also directs the registration of conveyances of real estate, in order that all persons may be able to act advisedly thereon and have proper information relative to the claims thereto of any supposed owner or claimant, yet owners can "do some acts which the policy of the law will not permit them to gainsay or deny." A married woman, evidently free from all constraint and with a full knowledge of her rights, who should represent that a certain tract of land was not her homestead, and thus cause a person to purchase it, would be concluded by her acts; but if the party purchasing should know all the facts, or by reasonable diligence could know, and if it should be apparent that the married woman was not entirely free from restraint or was not cognizant of her rights, whatever admissions might be made under these or similar circumstances could not with any propriety be said to influence the purchaser or estop the married woman from asserting her rights. These admissions, whether of law or fact, which have been acted on by others, and which were calculated to influence a prudent man, and which were the cause of another's actions, and which were deliberately and knowingly made, are conclusive against the party making them in all cases between him and the person whose conduct he has thus influenced.

The marriage relation cannot be dissolved by the voluntary act of husband and wife. The good of society and its interests and duties devolve on every member thereof. Laws framed for these interests prescribe the method of divorce, and, until the husband and wife are divorced, either by a proper legal tribunal or by death, their rela-

tions, as such, remain; and while this connection exists there is only one way whereby a wife can convey her interests to a homestead.

For the very reason that a husband, by persuasions or intimidations, by love or by fear, or any other conduct, may cause a wife to utter certain declarations detrimental to her interests, the statute requires that, after the husband and wife have signed and sealed any deed or other writing purporting to be a conveyance of the homestead of the family, if the wife appear before any judge of the supreme or district court or notary public, and, being privily examined by such officer apart from her husband, shall declare that she did freely and willingly sign and seal the said writing, to be then shown and explained to her, and wishes not to retract it, and shall acknowledge the said deed so again shown to be her own act, then a certificate thereof shall be made by the officer, and it shall be a valid conveyance. A declaration made by a wife, based upon the fact that the conduct of her husband was such that her own self-respect forbade the occupancy of the same house with him, would be very far from a legal conveyance of her homestead, whatever this declaration might be.

Whoever, knowing the facts, should purchase the homestead, could not be regarded an innocent purchaser.

In Young v. Van Benthuysen, decided at the last term of this court, [30 Tex., 732,] the facts, as appeared by a special verdict of a jury, were, that Mrs. Young and her husband had conveyed the homestead by deed in trust, authorizing the trustee to sell, after advertising the property twenty days; that the trustee did not advertise the property twenty days; that Mrs. Young was present at the sale, and did not object to or forbid the same; and that Mrs. Young requested the purchaser at the trustee's sale to sell the property to Mrs. Van Benthuysen, and that Mrs. Van Benthuysen did not purchase in good faith.

In that case, as in this, the principal defense set up was,

that the married woman was estopped by her assertions. The court, in that case, said: "To give the most claimed by defendant, this advice or request could not operate more favorably for defendant or more adversely to plaintiffs than if Mrs. Young had then and there executed a deed for the lots to defendant." But a "deed made by a married woman for land, even if the land had been her own, would not have passed the title unless it were acknowledged before a proper officer, according to the statute in such cases made and provided." "The constitution and laws have so hedged in a homestead from sale that courts are required to scrutinize very closely to see that all the constitutional requirements have been fully complied with before they will pronounce a sale of the same to be valid."

The case before the court has a great resemblance to the one from which we have quoted.

In both cases a married woman disclaimed ownership in the homestead in presence of the purchasers, and in both cases the purchasers were fully apprized that the married women had not been legally divested thereof. In both cases the women may have made admissions in ignorance of their legal rights, and it is certain that the admissions made by the married women in both cases could not be the cause of the actions of the purchaser. No one of ordinary prudence purchases real estate without an exhibit of the title, and this exhibit furnishes by itself all the required evidence of its validity.

It is claimed, in the case before the court, that the wife, after separation, sold to the husband, and so acknowledged to the purchaser from the husband.

But it must be recollected that the husband and wife cannot by their own separate or united will dissolve their marital relations; that the wife cannot sell to the husband; and that the pretended sale to the husband was a sale to herself as the wife, and was ineffectual for any purpose;

that if it was the homestead of the husband, it was the homestead of the wife.

The husband may have sold the homestead with the consent of the wife, but, inasmuch as the consent was not given "in such manner as the legislature has pointed out," and as it does appear that the appellant was acquainted and fully apprized of all the facts in the case, and was not influenced, in making the purchase, by the admissions of the wife, the judgment is

AFFIRMED.